

'09 CIV 00737

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:    (212) 317-1200
Facsimile:     (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LUIS LLIVIGANAY, *individually and on*
*behalf of others similarly situated,*

                                      *Plaintiffs,*

              -against-

CIPRIANI 110 LLC., CIPRIANI 200 LLC.,
CIPRIANI 42ND STREET, LLC., CIPRIANI
55 WALL STREET LLC., CIPRIANI CLUB
55 LLC., CIPRIANI FIFTH AVENUE LLC.,
CIPRIANI FOODS LLC., CIPRIANI GROUP
LLC., CIPRIANI LA MANAGER LLC.,
CIPRIANI LANDMARK MANAGEMENT
LLC., CIPRIANI MANAGER LLC.,
CIPRIANI PARK AVENUE LLC., CIPRIANI
QUEENS LLC., CIPRIANI RESTAURANT
55 LLC., CIPRIANI THEATRE LLC.,
CIPRIANI USA INC., DOWNTOWN
RESTAURANT COMPANY LLC., GC
ALPHA LLC., LANDMARKS BY CIPRIANI
LLC., VITTORIA CORPORATION,
ARRIGO CIPRIANI, GIUSEPPE CIPRIANI,
and HARRY CIPRIANI,

                                      *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Luis Lliviganay, individually and on behalf of others similarly situated

(collectively the "Plaintiffs"), by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against Defendants Cipriani 110 LLC, Cipriani 200 LLC.,

Cipriani 42nd Street, LLC., Cipriani 55 Wall Street LLC., Cipriani Club 55 LLC., Cipriani Fifth Avenue LLC., Cipriani Foods LLC., Cipriani Group LLC., Cipriani La Manager LLC., Cipriani Landmark Management LLC., Cipriani Manager LLC., Cipriani Park Avenue LLC., Cipriani Queens LLC., Cipriani Restaurant 55 LLC., Cipriani Theater LLC., Cipriani USA INC., Downtown Restaurant Company LLC., GC Alpha LLC., Landmarks By Cipriani LLC., Vittoria Corporation (hereinafter "Cipriani"), and Arrigo Cipriani, Giuseppe Cipriani, and Harry Cipriani, (collectively the "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.    Plaintiff is a former employee of Defendants Cipriani and Arrigo Cipriani, Giuseppe Cipriani, and Harry Cipriani, who own and operate several Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani.

2.    Upon information and belief, Cipriani is comprised of twenty corporations that act in partnership with one another in the operation and management of a chain of Italian restaurants in the state of New York.  The corporations include: Cipriani 110 LLC, Cipriani 200 LLC., Cipriani 42nd Street, LLC., Cipriani 55 Wall Street LLC., Cipriani Club 55 LLC., Cipriani Fifth Avenue LLC., Cipriani Foods LLC., Cipriani Group LLC., Cipriani La Manager LLC., Cipriani Landmark Management LLC., Cipriani Manager LLC., Cipriani Park Avenue LLC., Cipriani Queens LLC., Cipriani Restaurant 55 LLC., Cipriani Theater LLC., Cipriani USA INC., Downtown Restaurant Company LLC., GC Alpha LLC., Landmarks By Cipriani LLC., Vittoria Corporation.

3.    Upon information and belief, Cipriani is owned and operated by Individual Defendants, Arrigo Cipriani, Giuseppe Cipriani, and Harry Cipriani, who are or were doing business with different trade names, and who are sued as individuals that operated as directors and officers of Cipriani.

4.    Defendant Cipriani, by and through its owners, operates restaurants located at 781 Fifth Avenue, 376 West Broadway, 89 East 42nd Street, 55 Wall Street, 30 Rockefeller Plaza, and 110 East 42nd Street, New York, New York, under various versions of the name Cipriani..

5.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring the Plaintiff to work in excess of forty (40) hours per week without paying him the overtime compensation required by federal and state laws.

6.    Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and liquidated damages, interest, attorneys' fees, and costs, and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order").

7.    Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA"),

and supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

9.      Venue is proper in this District under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district.  Defendant Cipriani, by and through its owners, operates a chain of Italian restaurants located in this district, and exists under the laws of the State of New York. Further, Plaintiff was employed by Defendants in this district.

**THE PARTIES**

*Plaintiff Luis Lliviganay*

10.      Plaintiff Luis Lliviganay ("Plaintiff Lliviganay" or "Mr. Lliviganay") is an adult individual residing in New York County, New York.

11.      Plaintiff Lliviganay had been employed by the Defendants from approximately January 2003 until December 2008.

12.      Throughout his employment with the Defendants, Plaintiff Lliviganay worked at the following locations: 781 Fifth Avenue, New York, New York; 376 West Broadway, New York, New York; and 89 East 42nd Street, New York, New York.

13.      Plaintiff Lliviganay's duties included (and have included for all times relevant to this action), working in the kitchen, preparing and cooking the meals.

14.      More specifically, Mr. Lliviganay worked at the sauté grill, cooking sauces and grilling steaks and fish, from approximately January 2003 until June 2005.  He worked as a sous chef from approximately June 2005 until September 2008, and as a chef from September 2008 until December 2008.  His duties as a sous chef and chef consisted of preparing the food items and cooking the meals that contained rabbit, lamb, fish and veal.

15.    Plaintiff Lliviganay's work duties required neither discretion nor independent judgment.

16.    From approximately January 2003 until December 2008, Plaintiff Lliviganay regularly worked in excess of 40 hours per week.

17.    From approximately January 2003 until September 2008, Plaintiff Lliviganay worked a shift from 9:00 a.m. to 12:00 a.m., five days per week.  From approximately September 2008 until December 2008, Mr. Lliviganay worked a shift from 9:00 a.m. to 9:00 p.m., six days per week.  During his final three weeks of employment, he worked from 9:00 a.m. to 11:00 p.m., six days per week.

18.    Plaintiff Lliviganay was paid $980.00 gross per week from approximately January 2003 until June 2003.  Mr. Lliviganay was paid $1500.00 gross per week from approximately June 2003 until September 2008.  He was paid $1350.00 gross per week from approximately September 2008 until December 2008.

19.    During his employment with the Defendants, Plaintiff Lliviganay was paid with a check.

20.    Plaintiff Lliviganay's pay stubs only reflected that he worked forty hours per week.

21.    Therefore, Defendants did not provide Mr. Lliviganay with any document or other statement with an accurate accounting for Mr. Lliviganay's actual hours worked.

22.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Lliviganay regarding wages as required under the NYLL.

*Defendants*

23.     Defendant Cipriani 110 LLC. ("Cipriani 110" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.  Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint.  Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

24.     Defendant Cipriani 200 LLC. ("Cipriani 200" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.  Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint.  Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

25.     Defendant Cipriani 42nd Street, LLC. ("Cipriani 42nd Street" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 781 5th Avenue, New York, New York.

26.     Defendant Cipriani 55 Wall Street LLC. ("Cipriani 55 Wall Street" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint.

Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

27.     Defendant Cipriani Club 55 LLC. ("Cipriani 55 Wall Street" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

28.     Defendant Cipriani Fifth Avenue LLC. ("Cipriani Fifth Avenue" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

29.     Defendant Cipriani Foods LLC. ("Cipriani Foods" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

30.     Defendant Cipriani Group LLC. ("Cipriani Group" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York

under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

31.     La Manager Defendant Cipriani La Manager LLC. ("Cipriani La Manager" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

32.     Defendant Cipriani Landmark Management LLC. ("Cipriani Landmark Management" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

33.     Defendant Cipriani Manager LLC. ("Cipriani Manager" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

34.     Defendant Cipriani Park Avenue LLC. ("Cipriani Park Avenue" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

35.    Defendant Cipriani Queens LLC. ("Cipriani Queens" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

36.    Defendant Cipriani Restaurant 55 LLC. ("Cipriani Restaurant 55" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

37.    Defendant Cipriani Theater LLC. ("Cipriani Theater" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

38.     Defendant Cipriani USA Inc. ("Cipriani USA" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

39.     Defendant Downtown Restaurant Company LLC. ("Downtown Restaurant Company" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

40.     Defendant GC Alpha LLC. ("GC Alpha" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

41.     Defendant Landmarks By Cipriani LLC. ("Landmarks By Cipriani" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this

complaint. Upon information and belief it maintains its principle place of business at 110 East 42nd Street, New York, New York.

42.    Defendant Vittoria Corporation ("Vittoria" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Defendant Corporation owns and operates a chain of Italian restaurants throughout Manhattan, New York under various versions of the name Cipriani, at all times relevant to this complaint. Upon information and belief it maintains its principle place of business at 781 Fifth Avenue, New York, New York.

43.    Defendant Arrigo Cipriani ("Defendant Arrigo") is an individual engaged in business in this judicial district. Defendant Arrigo is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Arrigo possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

44.    Defendant Giuseppe Cipriani ("Defendant Giuseppe") is an individual engaged in business in this judicial district. Defendant Giuseppe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Giuseppe possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

45.     Defendant Harry Giuseppe ("Defendant Harry") is an individual engaged in business in this judicial district.  Defendant Harry is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.  Defendant Harry possesses operational control over Defendant Corporations, possesses an ownership interest in Defendant Corporations, controls significant functions of Defendant Corporations, determines the wages and compensation of the employees, establish the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

46.     Upon information and belief, Cipriani ("Defendant Corporations") is comprised of twenty corporations that act in partnership with one another in the operation and management of a chain of Italian restaurants in the state of New York.

47.     Defendant Corporations are owned, controlled, and operated by Individual Defendants Arrigo Cipriani, Giuseppe Cipriani, and Harry Cipriani.

48.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

49.     In each year from 2003 to the present, the Defendants had gross annual sales of not less than $500,000.

50.     Upon information and belief, Defendant Arrigo Cipriani (1) operates Defendant Corporations as either an alter ego of himself, and/or (2) fails to operate Defendant Corporations as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a corporation,

(b) defectively forming or maintaining the corporate entity of Defendant Corporations, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Defendant Corporations for his own benefit as the sole or majority shareholder, (e) operating Defendant Corporations for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Defendant Corporations, (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

51.     Upon information and belief, Defendant Giuseppe Cipriani (1) operates Defendant Corporations as either an alter ego of himself, and/or (2) fails to operate Defendant Corporations as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a corporation, (b) defectively forming or maintaining the corporate entity of Defendant Corporations, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Defendant Corporations for his own benefit as the sole or majority shareholder, (e) operating Defendant Corporations for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Defendant Corporations, (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

52.     Upon information and belief, Defendant Harry Cipriani (1) operates Defendant Corporations as either an alter ego of himself, and/or (2) fails to operate Defendant Corporations as an entity legally separate and apart from his own self, by, amongst other things, (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as a corporation, (b) defectively forming or maintaining the corporate entity of Defendant Corporations, by amongst other things failing to hold annual meetings or maintaining appropriate corporate records, (c) transferring assets and debts freely as between all Defendants, (d) operating Defendant Corporations for his own benefit as the sole or majority shareholder, (e) operating Defendant Corporations for his own benefit and maintaining control over it as a closed corporation, (f) intermingling assets and debts of his own with Defendant Corporations, (g) diminishing and/or transferring assets in favor of bankruptcy of the entity to avoid full liability as necessary to protect his own interests, and (h) other actions evincing a failure to adhere to the corporate form, thereby allowing for a breach of the corporate veil.

53.     At all relevant times, Defendants were the Plaintiff's employers within the meaning of the FLSA and New York Labor Law.  Defendants had the power to hire and fire Plaintiff, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

*General Employment Practices*

54.     Defendants regularly required Plaintiff to work in excess of forty (40) hours per week, and more than 10 hours per day, without paying him the proper rate of overtime wages or spread of hour compensation.

55.      Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by neglecting to maintain accurate and complete timesheets and payroll records.

56.      For example, Defendants paid the Plaintiff with a check, where he was only paid for forty hours per week.

57.      In a deliberate attempt to avoid its overtime obligations under the FLSA, Defendants manipulated the payroll records for Plaintiff and those similarly situated by only reflecting that the Plaintiff worked forty hours per week, even though Plaintiff regularly worked in excess of forty hours per week.

58.      Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly (1) for overtime due, and (2) for spread of hours pay.

59.      Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

60.      Plaintiff bring his FLSA overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

61.     At all relevant times, Plaintiff, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA. The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

62.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63.     Defendants intentionally, or otherwise in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

64.     Defendants' failure to pay Plaintiff and the putative FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

65.     Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

66.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67.     Defendants willfully, or otherwise in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

68.     Defendants failed to pay Plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

69.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70.     Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 and 137-3.11.

73.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

- 17 -

74.     Plaintiff has been damaged in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff (including the prospective collective class members);

(c)     Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff (including the prospective collective class members);

(e)     Awarding Plaintiff (including the prospective collective class members) damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid

overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(h)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(i)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(k)     Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)     Awarding Plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m)     Awarding Plaintiff (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff (including the prospective collective class members) the expenses incurred in this action, including costs and attorney's fees; and

(o)     All such other and further relief as the Court deems just and proper

Dated: New York, New York

January 26, 2009

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*